UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN MARES MURILLO, ) | |
| ) | CASE NO. C13-366-RAJ-MAT |
| Petitioner, ) | |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ERIC HOLDER, JR., Attorney General of the ) | |
| United States, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner, a detainee in the custody of the Department of Homeland Security, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is illegally detained because he is a United States citizen.  He requests review of his eligibility for citizenship, asserting that he may be a citizen of the United States based on the fact that his parents are United States citizens.   Respondent has filed a motion to dismiss, arguing that the court lacks jurisdiction to review petitioner's eligibility for United States citizenship.

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED and this matter be DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE -1

## II.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native of Mexico who was admitted to the United States in 1978 as a lawful permanent resident. (Administrative Record (AR) at L43, R33.) On July 22, 1996, petitioner was removed from the United States to Mexico pursuant to an order of removal entered on November 29, 1995. (AR at L60, L69-81, L173.) Petitioner subsequently illegally reentered the United States a total of six times. (AR at L182, L199, L245.)

On August 17, 2012, DHS arrested petitioner outside his home in Lynnwood, Washington. (AR at L246.) Petitioner was served with a Notice of Intent/Decision to Reinstate Prior Order, informing him that "he was removable as an alien who has illegally reentered the United States after having been previously removed . . . while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order." (AR at L201, L244-46.) Petitioner has been in custody since then.

On February 12, 2013, petitioner's case was referred to an immigration judge for withholding only proceedings after he expressed a fear of returning to Mexico. (AR at R227-48.) Petitioner's withholding only proceedings are ongoing.

On February 22, 2013, petitioner filed a petition for review and motion for stay of removal with the United States Court of Appeals for the Ninth Circuit. *See Murillo v. Holder*, No. 13-70665 (9th Cir. 2013). On March 5, 2013, however, the court ordered petitioner to move for voluntary dismissal of the petition for review or show cause why it should not be dismissed for lack of jurisdiction, noting that the court had been unable to locate a final order of removal issued by the Board of Immigration Appeals ("BIA"). *Id*. Petitioner's petition for review was dismissed for failure to pay fees on April 5, 2013. *Id*.

REPORT AND RECOMMENDATION
PAGE -2

III.   DISCUSSION

Petitioner argues that he is illegally detained because he may be a citizen of the United States. (Dkt. No. 3.)  He requests that this Court review his eligibility citizenship, asserting that he may be a citizen of the United States based on the fact that his parents are United States citizens. *Id*. at 2.  However, petitioner is presently under the reinstatement of a 1995 removal order and is in withholding only proceedings.  His petition thus challenges the decisions and actions pertaining to his removal.  Consequently, his claims are barred by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005).

The REAL ID Act amended 8 U.S.C. § 1252(a)(5) by adding a jurisdiction stripping provision and barring habeas review of all orders of removal.  That provision provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . .

REAL ID Act § 106(a)(1)(B), *codified* at 8 U.S.C. § 1252(a)(5).  The language in the REAL ID Act makes clear that the "sole and exclusive" means to challenge an order of removal is by filing a petition for review with the Court of Appeals.  *See id.*[1]

Because petitioner is subject to a reinstated order of removal, his claim for relief falls within the chapter addressed by 8 U.S.C. § 1252(a)(5).  Petitioner's challenge to his removal

---

[1] *See also* 8 U.S.C. § 1252(b)(9) ("all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, but habeas corpus under section 2241 of Title 28, . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact."); 8 U.S.C. § 1252(g) ("no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.").

based upon a claim to citizenship must therefore be filed with Ninth Circuit Court of Appeals. Accordingly, the District Court lacks subject matter jurisdiction over petitioner's habeas petition even though he makes the claim that he is a United States citizen.  *See Iasu v. Smith*, 511 F.3d 881, 888 (9th Cir. 2007) (holding that under the REAL ID Act, the District Court lacks jurisdiction over a habeas petition even if it asserts a "non-frivolous" claim to citizenship); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008) (finding that the REAL ID Act precludes district court jurisdiction over citizenship claims raised in connection with review of an order of removal).

When a claim has been improperly brought in the district court, the court must determine whether the action should be transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631.  Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610. . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.  "In the immigration context, '[t]he transfer statute authorizes us to transfer these cases to ourselves if:  (1) we would have been able to exercise jurisdiction on the date that they were filed in the district court; (2) the district court lacked jurisdiction over the cases; and (3) the transfer is in the interest of justice.'" *Baeta v. Sonchik*, 273 F.3d 1261, 1264 (9th Cir. 2001).

Here, transfer is not appropriate because the Ninth Circuit would not have been able to exercise jurisdiction on the date petitioner filed his case in this Court.  *See id*. at 1263.

REPORT AND RECOMMENDATION
PAGE -4

Petitioner filed a petition of review in the Ninth Circuit raising the exact same citizenship claim. (AR at 252-53.) However, as the Ninth Circuit indicated, the petition for review was filed prematurely because no final order has been issued yet on petitioner's asylum and withholding only proceedings. *See Murillo*, No. 13-70665. Accordingly, petitioner's case cannot be transferred.

## IV.   CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 15th day of July, 2013.


   /s/MARY ALICE THEILER
MARY ALICE THEILER
United States Magistrate Judge